**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARKOS ABELYAN,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 15-73263<br><br>Agency No. A097-113-104<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

 Markos Abelyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder,* 646

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen as untimely, where it was filed more than ten years after the final administrative order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Abelyan failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances).

Contrary to Abelyan's contention, the BIA applied the proper diligence standard and did not ignore evidence or contentions. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and internal quotation marks omitted)); *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (the BIA need not discuss each piece of evidence, and the agency's general statement that it considered all of the evidence may be sufficient).

Because the timeliness determination is dispositive, we do not address Abelyan's contentions regarding prejudice.

15-73263

We lack jurisdiction to consider Abelyan's contention that the agency abused its discretion in declining to reopen his case sua sponte. *See Ekimian v. I.N.S.*, 303 F.3d 1153, 1159-60 (9th Cir. 2002); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Abelyan urges us to reconsider our holding in *Ekimian*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan,* 646 F.3d at 677.

We deny the request for EAJA fees as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**